UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-04926-FWS-DMK Date: September 2, 2026
Title: Jose Efrain Aguinaga Melendez v. Warden *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

Priscilla Deason for
Rolls Royce Paschal
Deputy Clerk

N/A
Court Reporter

Attorneys Present for Petitioner:

Not Present

Attorneys Present for Respondents:

Not Present

**PROCEEDINGS: ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

The case-initiating document Petitioner Jose Efrain Aguinaga Melendez filed in this case on August 26, 2026, contained an Emergency Motion for Temporary Restraining Order. (Dkt. 1 ("Motion").) In the Motion, in summary, Petitioner requests immediate release from his current Immigration and Customs Enforcement ("ICE") detention, arguing he was illegally detained, is being denied adequate medical treatment, and that ICE is falsifying his signature on medical documents. (*See generally id.*) Respondents oppose the Motion. (Dkt. 9.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").

Due to the influx of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Central District of California has issued General Order No. 26-05. (Dkt. 4.) The General Order provides an expedited briefing schedule on petitions like Petitioner's. (*Id.* at 2.) The General Order further provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." (*Id.* at 5.) The General Order goes on to advise that "[i]f the petitioner believes that an application for a temporary restraining order is

appropriate, the application . . . must comply with Federal Rule of Civil Procedure 65 and Local Civil Rules 65-1 and 7-19." (*Id.* at 6.)

The court notes that Petitioner has filed two other similar cases with this court. (*See Jose Efrain Aguinaga Melendez v. Warden-Facility Administrator Adelanto Ice Processing Center et al.*, 5:26-cv-03971-FWS-DMK; *Jose Efrain Aguinaga Melendez v. David Marin et al.*, 5:26-cv-01553-FWS-DMK.) In both cases, Petitioner filed motions for temporary restraining orders which the court denied. (5:26-cv-03971, Dkt. 12; 5:26-cv-01553-FWS-DMK, Dkt. 8.) The present Motion does not include any additional facts or circumstances that persuade the court to change this result.

In particular, the court finds Petitioner fails to make an adequate showing of "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." G.O. 26-05 at 6. First, as to Petitioner's argument that release is appropriate because he was illegally detained, as another court in this District has explained, "[i]f the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO"; "a generalized claim of constitutional deprivation without specific, individualized exigency (e.g., a severe, untreated medical emergency) does not justify granting ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05." *Haiyan Tang v. Warden*, 5:26-cv-01595-DFM, Dkt. 5 (C.D. Cal. Apr. 2, 2026); *see also Bozoian v. Noem, et al.*, 2026 WL 1045662, at *1 (C.D. Cal. Apr. 13, 2026) ("Here, Petitioner has not alleged any irreparable harm that will result prior to the adjudication of the underlying Petition except for the same harms alleged in his Petition. If such alleged harms were sufficient to warrant emergency relief notwithstanding the standard scheduling order in General Order 26-05, the provisions of the General Order regarding the availability of TROs would effectively become moot. Nor does Petitioner address in the Motion why immediate relief is warranted in spite of the standard scheduling order, as required by the General Order. *See* General Order 26-05 at 3."); *Argueta v. Secretary of Homeland Security*, 5:26-cv-01687-JLS-E, Dkt. 7 (C.D. Cal. Apr. 7, 2026) (denying TRO based on General Order 26-05); *Chen v. Mullin*, 5:26-cv-01684-MCS-PVC, Dkt. 7 (C.D. Cal. Apr. 8, 2026) (similar). Second, the court also finds the record

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-04926-FWS-DMK Date: September 2, 2026

Title: Jose Efrain Aguinaga Melendez v. Warden *et al.*

does not sufficiently support that “imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule[.]” G.O. 26-5 at 6.

As a separate and alternative basis, the Motion does not “comply with Federal Rule of Civil Procedure 65 and Local Civil Rules 65-1 and 7-19.” *Id.*

For the foregoing reasons, the Motion is **DENIED**. Proceedings on the merits of the Petition will continue before the assigned Magistrate Judge consistent with General Orders 05-07 and 26-05.